140

## SYKES v. UNITED STATES.

### No. 8629.

United States Court of Appeals
District of Columbia.

Argued March 20, 1944.

Decided May 15, 1944.

Mr. R. E. Lee Goff, of Washington, D. C. (appointed by United States District Court), for appellant.

Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C., with whom Mr. Edward M. Curran, United States Attorney, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

PER CURIAM.

The appeal in this case involves two contentions which may be disposed of in a few words. Appellant was indicted and convicted of robbery. He was arrested at two o'clock in the morning of April 6, 1943. In the trial the police Sergeant who had ordered a "look out" for appellant and his arrest, testified that he had questioned appellant at Police Headquarters at noon of the day of his arrest and before his arraignment, and that appellant had denied having any connection with the robbery, but had admitted being in the company of two other men charged with the same offence shortly before and shortly after the robbery. One of these men had been tried and pleaded guilty. Appellant was arraigned the following morning at ten o'clock.

It was insisted at the argument that the admission into evidence of the statements made by the appellant to the police officer prior to arraignment was contrary to the rule announced by the Supreme Court in the McNabb case.[1] We think there is no merit in the contention.

In the subsequent case of United States v. Mitchell, 64 S.Ct. 896, the Supreme Court explained that the rule in the McNabb case did not render inadmissible a voluntary confession obtained during an illegal detention, provided it was not induced by the illegal detention. In this case there was no confession and appellant's admissions made to the officer, even if they be considered damaging, are not claimed to have been coerced. Appellant's conviction was due to the spontaneous identification of him by his victim.

The second point is that when appellant's witness, Costello, who had previously pleaded guilty, was asked on cross-examination when he had first known appellant, he replied "Two years ago in Lorton." Counsel says the jury could not, as the result of this testimony, escape know-

---

[1] McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819.

ing that appellant was an ex-convict and that the statement was therefore seriously prejudicial. This may be true, but the question asked of appellant's witness was *when* and not *where* he had first met appellant, and his answer that he had met him in a Federal prison was wholly voluntary, and, in the circumstances, the most that appellant had the right to ask was that the jury should be told that they should not consider the statement in relation to his guilt or innocence in the trial then in progress; but counsel for appellant made no such request.[2] The answer of the witness was not called to the court's attention in any way, and without such a request, it is too late now to urge it as a sufficient ground to set aside the conviction.

Affirmed.

---

[2] Mr. Goff, who represents appellant on this appeal, was not counsel at the trial.