972

## UNITED STATES ex rel. LAUGHLIN
### v. EICHER.
#### No. 25056.

District Court of the United States for the
District of Columbia.

Sept. 20, 1944.

James J. Laughlin, of Washington,
D. C., pro se.

Joseph B. Keenan, of Washington,
D. C., for defendant.

LOVETT, District Judge, presiding by designation.

The controlling question for decision in this case is whether the requirement of the Judiciary Act of September 24, 1789,[1] as amended, requiring judges of District Courts of the United States to "reside in the district * * * for which he is appointed" is applicable to the Chief Justice of the District Court of the United States for the District of Columbia.

The question arises in this way.

As an informer under the appropriate statute[2], James J. Laughlin seeks to re-

---

[1] 1 Stat. 73, 28 U.S.C.A. § 1.

[2] 31 U.S.C.A. § 231, R.S. § 3490:
"Any person not in the military or naval forces of the United States * * * who shall do or commit any of the acts prohibited * * * shall forfeit and pay to the United States the sum of $2,000, and, in addition, double the amount of damages which the United States may have sustained by reason of the doing or committing (of) such act, together with the costs of suit * * *."
57 Stat. 608: "Be it enacted * * *

That section 3491 of the Revised Statutes (U.S.C. title 31, sec. 232) be * * * amended to read as follows:

"'Sec. 3491 (A). The several district courts of the United States, the District Court of the United States for the District of Columbia, the several district courts of the Territories of the United States, * * * shall wheresoever such act may have been done or committed have full power and jurisdiction to * * * determine such suit.

"'(B) * * * such suit may be brought

cover double the amount of all sums received from the United States by Chief Justice Eicher for his services as Chief Justice of the District Court of the United States for the District of Columbia since February, 1942. In addition, plaintiff seeks to recover the penalty of $2,000 for each alleged violation or payment as provided by the statute.

Plaintiff charges specifically that in violation of the statute mentioned [3] the Chief Justice has failed to reside in the Judicial District for which he was appointed, that, therefore, he has never been a de jure but only a de facto judge and has thereby improperly collected a salary from the United States and has, with each collection, committed a fraud against the United States.

Pursuant to the statute, 57 Stat. 608(C), supra, notice of the pendency of the suit was given to the United States and through the Acting Attorney General the United States has declined to enter the suit on the ground that in its opinion the complaint is without merit and there can be no recovery. Laughlin, therefore, proceeds with the suit alone.

In answer to the complaint, defendant has filed a motion to dismiss or, in the alternative, for a summary judgment on the ground that "the complaint fails to state a claim against the defendant upon which relief can be granted." In support of his motion for summary judgment an affidavit has been presented in which defendant concedes that he holds the Office of Chief Justice of the District Court for the District of Columbia and that he resides outside the District of Columbia, in Alexandria, Virginia.

Counsel have been fully heard and memoranda of authorities considered.

 Plaintiff objects to the motion to dismiss, saying that the statute, 57 Stat. 608(B), supra, under which the suit is brought states that " * * * such suit * * * shall not be withdrawn or discontinued without the consent, in writing, of the judge of the court and the district attorney * * *." That language, in my opinion, only refers to voluntary dismissals and was intended to discourage the repeated bringing of suits which are without merit but which might be brought merely to satisfy the complainant's personal spleen and desire for revenge, and also to discourage private compromise settlements. The refusal of the Acting Attorney General to enter the suit may be taken as tantamount to the consent of the District Attorney to dismiss the suit. The consent of the Court is obtained if the motion is sustained. The statute will not interfere with the consideration of the motion.

 The motion for summary judgment is objected to on the grounds that no answer has been filed. Under the Rules of Civil Procedure, Rule 15(b), 28 U.S.C.A. following section 723c, however, the defendant's supporting affidavit can probably be considered in place of an answer, or, if a formal answer should be required, it may be filed by amendment any time, even after final judgment.

This leaves for consideration the question which will govern the ruling on the motion, i.e., whether the statute, supra, requiring district judges to reside in the district for which they are appointed is

---

and carried on by any person, as well for himself as for the United States, the same shall be the sole cost and charge of such person, and shall be in the name of the United States, but shall not be withdrawn or discontinued without the consent, in writing, of the judge of the court and the district attorney * * *.

" '(C) Whenever any such suit shall be brought by any person under clause (B) notice of the pendency of such suit shall be given to the United States by serving upon the United States attorney * * * a copy of the bill of complaint * * *. If the United States shall fail, or decline in writing to the court, during * * * sixty days to enter any such suit, such person may carry on such suit.

* * * * * * *

" '(2) In any such suit when not carried on by the United States as herein provided * * * the court may award to the person who brought such suit and prosecuted it to final judgment * * * out of the proceeds of such suit * * * which shall be collected, an amount, not in excess of one-fourth of the proceeds * * * which in the judgment of the court is fair and reasonable compensation * * *.' " 31 U.S. C.A. § 232.

[3] 28 U.S.C.A, § 1:
" * * * Every district judge shall reside in the district * * * for which he is appointed, and for offending against this provision shall be deemed guilty of a high misdemeanor."

applicable to the Justices of the District Court for the District of Columbia.

When the original Judiciary Act of 1789 became law, there was, of course, no District Court for the District of Columbia. Indeed, there was no District of Columbia, though the Constitution provided that Congress might create such a district for the seat of the national government. It was not until 1863, 12 Stat. 763, that a court for the District was set up—first known as the "Supreme Court of the District of Columbia", and it was so known until 1936 (49 Stat. 1921) when the name was changed to District Court. The question, therefore, narrows itself to a consideration of amendatory legislation touching the residence of the judges.

Section 1 of the Judicial Code, 28 U.S.C.A. § 1, defines "District Court" by reference to Chapter 5 of the Judicial Code. Consideration of the definition of "District Court" and "District Judge" shows that this section has no application to the defendant and his fellow justices. Chapter 5, 28 U.S.C.A. § 141 et seq., which establishes the various judicial districts does not include the District of Columbia.

While the District Court for the District of Columbia is similar to the district courts throughout the country for most purposes,[4] it is not a district court within the meaning of the provision of the Judicial Code involved in this case. The provisions for the establishment of the District of Columbia Court are found, not in the United States Code, but in the code of the District of Columbia, Section 11—301 et seq. There the court is established and its functions and powers prescribed without reference to the residence of its Judges.

The residence provision of the Judicial Code finds its origin in the Judiciary Act of 1789, 1 Stat. 73, where it was simply stated that the district judges must reside in the district for which they are appointed. In 1812, this provision was amended to require "that hereafter it shall be incumbent upon the district and territorial judges of the United States, to reside within the districts and territories, respectively for which they are appointed, and that it shall not be lawful for *any judge appointed under the authority of the United States,* to exercise the profession or employment of counsel or attorney, or to be engaged in the practice of law. And any person offending against the injunction or prohibition of this act, shall be deemed guilty of a high misdemeanor." 2 Stat. 788. [Emphasis added].

In the Revised Statutes of 1878, the two parts of this provision were separated. The clause dealing with residence became Sections 551 and 552, 28 U.S.C.A. § 1, and the clause prohibiting the practice of law became Section 713, 28 U.S.C.A. § 373. The practice of law provision was applicable to all judges appointed under authority of the United States, while the residence requirement only applied to district courts, and, as is indicated above, the court of the District of Columbia at that time was not known as a district court. This distinction was continued in the recompilation of the Judicial Code in the Act of 1911, 36 Stat. 1087, 28 U.S.C.A. § 1 et seq. There, for the first time, the residence requirement was made applicable only to the districts described in Chapter 5, and Chapter 5 did not refer to the District of Columbia.

While the District Court of the United States for the District of Columbia is in many respects similar to the other District Courts of the United States elsewhere, *it is not the same. There are points of striking difference in the responsibilities* which Congress gives to the District of Columbia Court. It is somewhat sui generis.

Sec. 11—305 of the District of Columbia Code (1940 Ed.) provides that the District of Columbia Court shall have the same jurisdiction as the other District Courts, and the two courts have been treated similarly in many instances. Federal Trade Commission v. Klesner, supra; Claiborne-Annapolis Ferry v. United States, 285 U.S. 382, 391, 52 S.Ct. 440, 76 L.Ed. 808; United States v. Belt, 319 U.S. 521, 63 S.Ct. 1278, 87 L.Ed. 1559. But Section 11—324 of the District of Columbia Code provides that the District of Columbia Court shall have "such further special jurisdiction as may from time to time be conferred by Congress." The Congress has given the District of Columbia Court both special local responsibilities which elsewhere in the United States are left to the state Courts, and also special national responsibilities broader than those of the other federal district Courts. For examples of the former see Sections 11—306,

---

[4] Federal Trade Commission v. Klesner, 274 U.S. 145, 47 S.Ct. 557, 71 L.Ed. 972.

11—322 and 11—324, District of Columbia Code, which cover criminal and divorce jurisdiction. For examples of the latter see special jurisdiction over suits arising from Boulder Dam construction, 43 U.S.C.A. § 618h; suits against the Library of Congress Trust Fund Board, 2 U.S.C.A. § 159, and suits to review decisions of the Commissioner of Patents on the right to practice before that office, 35 U.S.C.A. § 11. Other more significant, special responsibilities are discussed and the nature of the District Court of the District of Columbia compared to other federal District Courts in O'Donoghue v. United States, 289 U.S. 516, 535, 545, 546, 53 S.Ct. 740, 77 L.Ed. 1356.

In the above-entitled cause, the case of Keller v. Potomac Electric Company, 261 U.S. 428, 43 S.Ct. 445, 448, 67 L.Ed. 731, is referred to wherein the language used is as follows: "In other words," this court there said, "it possesses a dual authority over the District and may clothe the courts of the District not only with the jurisdiction and powers of federal courts in the several states, but with such authority as a State may confer on her courts. Kendall v. United States, 12 Pet. 524, 619, 9 L.Ed 1181. Instances in which congressional enactments have been sustained which conferred powers and placed duties on the courts of the District of an exceptional and advisory character are found in Butterworth v. Hoe, 112 U.S. 50, 60, 5 S.Ct. 25, 28 L.Ed. 656. United States v. Duell, 172 U.S. 576, 19 S.Ct. 286, 43 L.Ed. 559, and Baldwin Co. v. R. S. Howard Co., 256 U.S. 35, 41 S.Ct. 405, 65 L.Ed. 816."

Thereafter follows the general statement: "Subject to the guaranties of personal liberty in the amendments and in the original Constitution, Congress has as much power to vest courts of the District with a variety of jurisdiction and powers as a state Legislature has in conferring jurisdiction on its courts."

From the foregoing, it appears that the United States District Court for the District of Columbia is an unique institution among the United States District courts as far as its functions are concerned for the plain and patent reason that it enforces all of the Federal laws that are enforced by the United States District Courts in the various states throughout the nation but in addition thereto beyond its general jurisdiction it acts as a court similar to that of the Court of Common Pleas, the Supreme Court of the State of New York and the various circuit and district courts in the different states of the Union.

There is one outstanding distinction that strikes at the very heart of the issue raised in this case and which furnishes a compelling reason for the conclusions I have reached. The District Court of the United States for the District of Columbia serves residents of the District, which by law is a territory not exceeding ten miles square. To hold that restrictions as to residences of the judges would be by inference applied to this narrowly restricted territorial district as far as area is concerned would be to do violence to common sense. In many of the states in the union, such as North and South Dakota, Rhode Island, Maine, New Hampshire, Vermont, Kansas and many others that could be enumerated, there is only one district court judge for the entire state. It would be entirely within keeping with good sound practice that the United States District Court judge presiding in such state would be required to live "within the district". The same would likewise be true in the great metropolitan areas of the Southern and Eastern Districts of New York and the Northern District of Illinois, the center of which is the City of Chicago. These considerations would not have like application in a tiny area such as that included in the District of Columbia and the wisdom of this distinction could at no time be better illustrated than by the present day existing conditions in the District of Columbia. However, as the practice now exists, there is at all times at least one District Court judge present in his court or chambers so that the needs of the people are well provided for.

There are twelve United States District Court judges serving on the United States District Court for the District of Columbia —for an area not exceeding ten miles square. This is an unique situation throughout the United States and in and of itself provides adequate reason why Congress of the United States, in enacting the Code for the District of Columbia, did not require residence within the District for the District Court Judges serving therein.

Not only has Congress thus excluded the District of Columbia Court from the residence requirements, it has, on occasions, shown its acceptance of the prac-

tice of local judges residing in nearby residential areas. When the bill for the creation of the new Municipal Court and the Municipal Court of Appeals was under consideration, both Houses of Congress debated the question of whether judges serving in the District should be required to reside within the District. The peculiarities of District geography and the fact that many lawyers who practice in the District customarily live in adjacent areas were fully discussed. 87 Cong.Rec. 8102, 88 Cong.Rec. 1674–77, 2814–17. The question was resolved by an explicit provision permitting two nonresident judges on the Municipal Court. The relevant statutes and this legislative history indicate that had Congress intended a residence requirement for this District Court, it would have expressly stated so.

Since there is no residence requirement applicable to the Justices of the United States District Court for the District of Columbia, there are no issuable facts under the showing made and the motion for summary judgment should be sustained.

Let an order be presented.