**SYKES v. SANFORD, Warden.**

**No. 11341.**

Circuit Court of Appeals, Fifth Circuit.

July 5, 1945.

No appearance for appellant.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

SIBLEY, Circuit Judge.

The appellant was tried before and sentenced to imprisonment by Hon. Edward C. Eicher, a judge of the District Court for the District of Columbia. The judgment was affirmed on appeal: Sykes v. United States, 79 U.S.App.D.C. 97, 143 F.2d 140. He obtained a writ of habeas corpus on allegations that the indictment did not sufficiently charge a crime, and that the presiding judge did not reside in the District of Columbia. After a hearing Sykes was remanded to custody, and appeals.

The indictment charges Sykes and another with feloniously stealing and carrying away, by force and violence and by putting in fear, and by sudden and stealthy seizure and snatching, nineteen dollars in money, of the value of $19, from the actual and immediate possession of Rudy N. Everett, being the money and property of one Cliff Y. Stephens. This is a crime under Title 6, Section 34, of the Code of the District of Columbia, stated with sufficient fullness and certainty. Deficiencies, if any, in these respects are for decision by the trial court and on appeal therefrom, and cannot be examined by habeas corpus. Aderhold v. Hugart, 5 Cir., 67 F.2d 247; Hill v. Sanford, 5 Cir., 131 F.2d 417.

The contention that the trial was coram non judice, and the court without jurisdiction, cannot be sustained. It is rested on the concluding words of 28 U.S.C.A. § 1: "Every district judge shall reside in the district or one of the districts for which he is appointed, and for offending against this provision shall be deemed guilty of a high misdemeanor." It should be noted that the provision is not that a judge shall forfeit his commission if he does not reside in the district for which he is appointed, but that he shall be guilty of a high misdemeanor. Probably he could be impeached therefor and removed from office, but until this should happen his acts would be valid as a judge de facto. 30 Am.Jur., Judges, Sect. 102.

But the true answer is to be found in noting that Section 1 begins: "In each of the districts described in chapter five * * * there shall be a court called a district court, for which there shall be appointed one judge, to be called a district judge * * *." These are the dis-

trict judges who are to reside in their respective districts. Chapter 5 names each district referred to, and each is in one of the 48 States. The District of Columbia is not named. Its courts are established and its judges are appointed under wholly different statutes, to be found in the Code of the District of Columbia, and they rest on the Constitutional provision for the government of this District and other territory of the United States, Constitution, Article 1, Sect. 8, cl. 17, and not on Constitution, Article III, by virtue of which federal courts are established within the bounds of the States. The statute establishing the courts of the District of Columbia does not contain a requirement that the judges shall reside in that District. The matter was fully examined as to Judge Eicher in United States ex rel. Laughlin v. Eicher, D.C., 56 F.Supp. 972.

By letter and brief Sykes now complains that his counsel appointed by the court to defend him in his trial, and another appointed to conduct the appeal from his conviction, were incompetent, or did not exert themselves. A habeas corpus court is hardly in position to judge of such a question. No proof, if the matter be examinable, was made on this point in the trial of the habeas corpus case below.

The judgment is affirmed.