**VENSON FORD d/b/a Vince's Wyoming Signs, Appellant (Plaintiff below),**

**v.**

**Chic MADIA, Delbert Hollcroft, James A. Dillinger, jointly and severally as individuals and as representatives for the Buffalo Sign Committee and Association of Merchants of Buffalo, Wyoming, Appellees (Defendants below).**

**No. 3881.**

Supreme Court of Wyoming.

Jan. 28, 1971.

---

Lonabaugh & Lonabaugh and Dennis G. Bonner, Sheridan, for appellant.

William J. Kirven and Robert A. Hill, Kirven & Hill, Buffalo, for appellees.

Before McINTYRE, C. J., and PARKER, McEWAN and GRAY, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Plaintiff filed a complaint, alleging among other things that on or about August 20, 1969, defendants entered into an agreement with him, contracting that he construct and provide a yearly lease for a minimum five-year period of seventeen Scotchlight signs to be located on the highway between the South Dakota border and Buffalo, Wyoming, that in reliance thereon plaintiff had completed construction of the signs and held himself in readiness to comply with the terms of the contract, but that defendants had anticipatorily breached and repudiated the contract, refusing to pay for the signs; and he sought damages. Without answering, the defendants filed a motion for summary judgment grounded in lack of a genuine issue to be tried by the court. This was accompanied by an affidavit in which it was stated that Madia, one of the defendants, had conversed with plaintiff concerning a proposal to purchase certain signs but that none of them had ever entered into any agreement, written or oral, for the signs. Attached to the affidavit was a photocopy of a typed and printed proposal dated August 21, 1969, regarding the arrangements, signed by plaintiff but bearing no signature in acceptance. Plaintiff thereafter filed motion to strike the summary judgment, attaching thereto his affidavit in which he said that about August 1, 1969, Madia had verbally authorized him to construct the signs, but affiant made no statement as to any agreement in writing.

After a·hearing, the court overruled the motion to strike and granted summary judgment, reciting that defendants had contended there was no agreement or contract and if any agreement existed it was subject to the requirement of being in writing under the statute of frauds; that plaintiff in opposition had contended the existence of a binding oral agreement between the parties and partial performance to satisfy the statute of frauds. On that basis the court granted defendants' motion

for summary judgment, and plaintiff has appealed, charging three errors: (1) in ruling on plaintiff's motion for summary judgment before answer had been filed; (2) in allowing defendants to invoke the statute of frauds when the complaint did not show that the contract sued upon was oral; and (3) in granting summary judgment when there existed genuine issues of material fact warranting a hearing on the merits.

■ Plaintiff first argues that in considering Rule 7(a), W.R.C.P., which requires an answer, together with Rule 56(c), W.R.C.P., a cause must be at issue before summary judgment may be granted. In this contention he ignores the provisions of Rule 56(b), W.R.C.P., which clearly provides "A party against whom a claim * * * is asserted * * * may, *at any time,* move * * * for a summary judgment in his favor * * *." (Emphasis supplied.) His misconception may grow out of the fact that under subdivision (a) of the federal rule as originally drafted a claimant could not move for summary judgment until after the answer had been served. However, a defendant has always been able to make the motion after service on him of a pleading stating a claim against him.[1] In that connection, it was held in United States ex rel. Laughlin v. Eicher, D.D.C., 56 F.Supp. 972, 973, that an affidavit in support of defendant's motion for summary judgment could be considered in place of an answer.

■ The thrust of plaintiff's second point, that the court erred in allowing defendants to invoke the statute of frauds when the complaint did not show the contract sued upon to have been oral, seems to reside in the contention of the court's having determined summarily the nature of the agreement as to being oral or written when no specific allegation in that regard was contained in the complaint. As we have indicated, defendants' supporting affidavit may be considered in place of the answer. The assertions therein that no agreement, oral or written, was entered into by them with plaintiff, together with plaintiff's response that he was "verbally authorized" to construct the signs, supplemented the complaint so as to reasonably show plaintiff's sole reliance upon an oral contract for supplying service over a five-year period. We hold the circumstance to have placed the matter before the court for proper determination under the provisions of Rule 56, W.R.C.P.

■ Plaintiff is correct in his position that the facts necessary to establish an affirmative defense must ordinarily be shown by evidence and the issue developed on the trial. Nevertheless, if these are admitted or uncontroverted and are completely disclosed on the face of the pleadings, as they are supplemented by affidavits at the time of the motion for summary judgment, and nothing further could be developed by the trial of the issue, the cause may properly be disposed of upon a motion for summary judgment.[2] Such a situation existed here.

■ Plaintiff also says: In a further effort to indicate the existence of both primary and secondary factual issues, the plaintiff upon oral argument to the trial court on the defendants' motion for summary judgment asserted the existence of partial performance and reliance by plaintiff. Although such a peripheral assertion without any effort to develop it or to substantiate his position by authority justifies no attention from us in resolving the appeal, it may be noted in passing that the one claiming part performance as an exception to the statute of frauds has quite a heavy burden—this court having observed in Crosby v. Estate of Strahan, 78 Wyo. 302, 324 P.2d 492, 499, that by well settled

1. 3 Barron and Holtzoff, Federal Practice and Procedure, § 1233 (1958); 6 Moore, Federal Practice, § 56.01 [1] (1965).

2. Suckow Borax Mines Consolidated, Inc. v. Borax Consolidated Limited, 9 Cir., 185 F.2d 196, 205; 5 Wright & Miller, Federal Practice and Procedure: Civil, § 1277, p. 330 (1969).

rule services alone do not constitute part performance to take a case out of the statute of frauds except in an unusual situation where the services cannot be measured in money.

Affirmed.