846 F.2d 75
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff, ex rel Martin E.
O'MALLEY, Plaintiff- Appellant,
v.
XEROX CORPORATION, Defendant--Appellee,
and
Loral Electro Optical Systems, Thomas Mason, Stanley
Hartman, Defendants.
 No. 87-3173.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 29, 1988.
Decided May 9, 1988.
 
 Martin E. O'Malley, appellant pro se.
 Thomas Louis Patten, Latham & Watkins, for appellee.
 Before DONALD RUSSELL and JAMES DICKSON PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Martin O'Malley filed this qui tam action pursuant to 31 U.S.C. Sec. 3730 contending that the defendants had conspired to defraud the United States Navy in violation of 31 U.S.C. Sec. 3729 by improperly acquiring a Navy contract. Xerox moved to dismiss asserting that the action was barred by res judicata and the statute of limitations. O'Malley responded that pursuant to Sec. 3730(b)(1) the action could not be dismissed without the express consent of the United States Government. Subsequently, the Government filed a notice declining to appear.
 
 
 2
 The district court dismissed the case as barred by res judicata and the statute of limitations. O'Malley filed a timely Rule 59, Fed.R.Civ.P., motion which was denied by the court. O'Malley appealed. On appeal O'Malley asserts that the district court lacked authority to dismiss his action and his procedural due process rights were violated.
 
 
 3
 Finding that the district court correctly determined that the action was barred by both the statute of limitations and res judicata, we turn to the procedural questions which O'Malley presents on appeal.
 
 
 4
 O'Malley first challenges the district court's authority to dismiss his case. Seemingly relying on 31 U.S.C. Sec. 3730(b)(1), O'Malley asserts that:
 
 
 5
 Defendant Xerox Corporation has no standing to bring a motion to dismiss without the written consent of the United States Attorney under the provisions of 31 U.S.C. Section 3730.
 
 
 6
 Relator has standing to bring an action under 31 U.S.C. Section 3730 in the absence of actual damages to the United States Government.
 
 
 7
 A District Court has no jurisdiction to dismiss a "qui tam" action brought under 31 U.S.C. Section 3730 without the written consent of the United States attorney, said consent affirmatively setting forth the reasons for consent to dismiss.
 
 
 8
 O'Malley's reliance on these provisions is misplaced. Section 3730(b)(1) is intended to reach voluntary dismissals and not dismissals based on substantive grounds. See United States ex rel. Fletcher v. Fahey, 121 F.2d 28, 29 (D.C.Cir.), cert. denied, 314 U.S. 624 (1941); United States ex rel. Laughlin v. Eicher, 56 F.Supp. 972 (D.D.C.1944). Furthermore, "[t]he refusal of the Acting Attorney General to enter the suit may be taken as tantamount to the consent of the District Attorney to dismiss the suit. The consent of the Court is obtained if the motion is sustained." Laughlin, 56 F.Supp. at 973.
 
 
 9
 O'Malley also argues that "[a] District Court has no jurisdiction to hear a defendant's motion to dismiss a 'qui tam' action brought under 31 U.S.C. Section 3730 if the United States Attorney has filed a written objection to the dismissal." The record clearly indicates that the Government did not object to dismissal.
 
 Finally, O'Malley contends that:
 
 10
 Relator was deprived of his constitutional due process rights when the U.S. Attorney attempted to dismiss this action without filing a proper motion, without notifying relator of the motion, and when the Court dismissed the action without providing relator an opportunity for a hearing on the motion in compliance with 31 U.S.C. Section 3730(c)(2)(A).
 
 
 11
 Section 3730(c)(2)(A) is limited to the Government's dismissal of the action. There was no such dismissal in this case, but merely an election not to proceed. The record reveals that O'Malley was served with and responded to Xerox's motion to dismiss and was served with notice of the hearing on the motion to dismiss. He failed to appear, and the district court dismissed the complaint based on the statute of limitations and res judicata defenses asserted by Xerox. There was no violation of any notice or hearing requirement.
 
 
 12
 Accordingly, we affirm the decision of the district court. Because the facts and legal contentions are adequately developed in the materials before the Court and argument would not significantly aid the decisional process, we dispense with oral argument pursuant to Fed.R.App.P. 34 and Local Rule 34(a).
 
 
 13
 AFFIRMED.