**UNITED STATES of America, ex rel. STINSON, LYONS, GERLIN & BUSTAMANTE, P.A., Plaintiff,**

v.

**PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, Defendant.**

No. CIV–1–89–331.

United States District Court,
E.D. Tennessee,
at Chattanooga.

June 25, 1992.

Luis C. Bustamante, Tracy E. Tomlin, Stinson, Lyons, Gerlin & Bustamante, P.A., Miami, FL, Stanley E. Alderson, U.S. Dept. of Justice, Washington, DC, Hugh J. Moore, Jr., Witt, Gaither & Whitaker, Chattanooga, TN, for plaintiffs.

Joseph P. Klock, Jr., John W. Little, III, Steel, Hector & Davis, Miami, FL, Timothy H. Bolden, Chattanooga, TN, for defendant.

John R. Phillips, Janet L. Goldstein, Mary Louise Cohen, Lauren K. Saunders, Hall & Phillips, Los Angeles, CA, for amicus curiae Taxpayers against Fraud & Center for Law in the Public Interest

## MEMORANDUM

EDGAR, District Judge.

The *qui tam* plaintiff and defendant have negotiated a settlement and submitted a final order dismissing this action. The United States of America takes the position that the *qui tam* action cannot be dismissed without its consent and the Attorney General has sought to impose or include certain conditions in the terms of the settlement which the *qui tam* plaintiff and defendant find objectionable. (Court File No. 372). The question to be resolved is whether the *qui tam* plaintiff and the defendant may negotiate a settlement and agree to have this action dismissed without the consent of the Attorney General of the United States.

31 U.S.C. § 3730(b)(1) provides:

A person may bring a civil action for a violation of section 3729 for the person and for the United States Government. The action shall be brought in the name of the Government. The action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting.

Section 3730(b)(4)(B) provides that if the United States notifies the Court that it declines to take over the prosecution of the *qui tam* plaintiff's complaint, then the person bringing the action shall have the right to conduct the action. Furthermore, § 3730(c)(3) provides in part: "if the Gov-

ernment elects not to proceed with the action, the person who initiated the action shall have the right to conduct the action." In regard to settlement § 3730(d)(2) provides in part: "If the Government does not proceed with an action under this section, the person bringing the action or settling the claim shall receive an amount which the court decides is reasonable for collecting the civil penalty and damages."

■ After reviewing the statute the Court concludes that § 3730(b)(1) when read in the context of the statute as a whole, is intended to ensure that legitimate claims brought by a *qui tam* plaintiff are not dismissed before the United States has been notified of the claims and has had an opportunity to decide whether the United States should take over the conduct of the action. However, once the United States declines to intervene, the *qui tam* plaintiff has the right to conduct the action and dismiss or settle the case without the consent of the Attorney General. The decision by the Attorney General not to intervene in and conduct the lawsuit is tantamount to consent by the Attorney General to have the action dismissed. *Minotti v. Lensink*, 895 F.2d 100, 104 (2d Cir.1990); *United States ex rel. Laughlin v. Eicher*, 56 F.Supp. 972, 973 (D.D.C.1944).

■ In the case at bar, the United States declined to intervene and elected to have the *qui tam* plaintiff conduct the action. This Court dismissed the action on the ground of lack of subject matter jurisdiction. The *qui tam* plaintiff appealed to the Court of Appeals for the Sixth Circuit. The United States did not seek to intervene or actively participate in the appeal. The *qui tam* plaintiff and the defendant have now reached a settlement agreement whereby the defendant will pay a portion of the *qui tam* plaintiff's costs and attorney's fees. The United States contends it is entitled to at least 70% of the proceeds of any recovery or settlement paid to the *qui tam* plaintiff pursuant to § 3730(d)(2). The Court disagrees and concludes that § 3730(d)(2) is not applicable because the *qui tam* plaintiff is merely recouping a portion of the attorney's fees and costs it

has expended. The *qui tam* plaintiff is not collecting a civil penalty or any damages from the defendant as part of the settlement. The United States is not entitled under § 3730(d)(2) to any part of attorney's fees and costs paid to the *qui tam* plaintiff by the defendant.

The United States does not have a right under § 3730 at this final stage of the litigation to impose conditions and insist that the parties cannot agree to such a settlement without the Attorney General's consent. The document filed by the United States captioned "Notice of Conditional Consent by the Attorney General" (Court File No. 372) is of no force and effect.

### FINAL ORDER APPROVING SETTLEMENT

On May 6, 1992, the United States Court of Appeals for the Sixth Circuit entered an order remanding the appeal in Case No. 92–5124 to this Court. The only matter before this Court upon remand is the review and consideration of the parties' joint motion for approval of settlement.

The Court notes that in its order remanding this action for further proceedings, the Sixth Circuit cited *First National Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343 (6th Cir.1976). That decision involved the remand of an appeal to permit the district court to consider a motion filed under Fed. R.Civ.P. 60(b) after an appeal was taken. In this case, a Rule 60(b) motion has not been filed and the parties have not requested that this Court alter, amend or otherwise modify its earlier judgment in this action entered December 10, 1991 (Court File Nos. 365 and 366). Rather, this Court understands that the procedure established in *Hirsch* is being used by analogy to allow this Court to entertain the approval of the parties' settlement.

On May 15, 1992, the Court conducted a hearing on the parties' joint motion for approval of settlement. Counsel from Provident, Stinson and the Department of Justice were present. The Court has carefully considered the terms of the settlement agreement, has heard argument of counsel, and has reviewed the post-hearing

submissions. After due consideration, it is hereby ORDERED that the parties' joint motion for approval of settlement is GRANTED and the Court approves the settlement agreement as the final action in this case.