UNITED STATES *v.* BELT ET AL.

No. 919.   Decided June 7, 1943.

*Solicitor General Fahy* and *Mr. Alex. H. Bell, Jr.* were on the brief for the United States.

*Messrs. Milton D. Campbell* and *Walter M. Bastian* were on the brief for appellees.

MR. JUSTICE FRANKFURTER delivered the opinion of the Court.

This suit in the District Court for the District of Columbia was brought by the United States under the Act of April 27, 1912, c. 96, 37 Stat. 93, to establish and make clear its title to certain parcels of land adjacent to the Anacostia River.   The District Court entered judgment for the defendants, and the United States seeks a direct appeal to this Court under § 5 of that Act, which provides: "That from the final decree of the Supreme Court of the District of Columbia . . . an appeal shall be allowed to the United States, and to any other party in the cause complaining of such decree, to the Supreme Court of the United States. . . ."

Section 238 of the Judicial Code, as amended by the Act of February 13, 1925, 43 Stat. 936, 938, 28 U. S. C.

§ 345, permits direct review by this Court of the judgments of the district courts in only five specified categories, "and not otherwise." The case at bar is within neither those categories nor that recognized by *Ex parte Kawato,* 317 U. S. 69, and *Ex parte Peru,* 318 U. S. 578, *viz.,* the use of auxiliary writs in exceptional cases in aid of this Court's appellate jurisdiction. The Government seeks to remove this case from the restrictions of the Act of 1925 on the ground that it was not intended to affect such special instances of direct review as that afforded by the Act of April 27, 1912. But we cannot read such an exception into the 1925 Act.

Nor is the contrary result required because the District Court for the District of Columbia was known as the "Supreme Court of the District of Columbia" when the Act of 1925 became law. At that time the Supreme Court of the District of Columbia possessed the jurisdiction of a district court of the United States, see Code of Law for the District of Columbia (1924) §§ 61, 62, 84, and it was treated as a "district court" for purposes of the Anti-Trust Acts, see *Federal Trade Comm'n* v. *Klesner,* 274 U. S. 145, 153–54, and *Swift & Co.* v. *United States,* 276 U. S. 311, 324–25. Considerations no less controlling exist for treating it as a "district court" within the scope of § 238. The dominating policy of the Act of 1925 was to restrict direct review to this Court as a matter of right, and more particularly to shut off such direct review of the judgments of federal *nisi prius* courts. It would be wholly inconsistent with that Act to exclude the District Court for the District of Columbia from the scope of its provisions merely because that court did not become a district court in name until the Act of June 25, 1936, c. 804, 49 Stat. 1921. Cf. H. R. Rep. No. 1075, 68th Cong., 2d Sess., pp. 6–7.

We hold, therefore, that the provisions for direct review to this Court contained in § 5 of the Act of April 27, 1912, were repealed by § 13 of the Judiciary Act of 1925, because

they were "inconsistent therewith." The judgment appealed from is vacated and the cause is remanded to the District Court so that it may enter a new judgment from which the United States may, if it wishes, perfect a timely appeal to the Court of Appeals for the District of Columbia. Cf. *Phillips* v. *United States,* 312 U. S. 246, 254.

*So ordered.*

MR. JUSTICE DOUGLAS and MR. JUSTICE MURPHY dissent.