**UNITED STATES v. MARTIN et al.**

**MARTIN et al. v. UNITED STATES.**

**Nos. 9781, 9782.**

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 7, 1948.

Decided Oct. 31, 1949.

Miss Wilma C. Martin, Attorney, with whom Messrs. A. Devitt Vanech, Assistant Attorney General, and Roger P. Marquis and Robert R. MacLeod, Attorneys, Washington, D. C., all of the Department of Justice, were on the brief, for appellant in No. 9781 and appellee in No. 9782.

Messrs. Milton D. Campbell and Daniel Partridge, III, Washington, D. C., for appellees in No. 9781 and appellants in No. 9782.

Before EDGERTON, CLARK, and PRETTYMAN, Circuit Judges.

EDGERTON, Circuit Judge.

The United States brought this suit to establish its title to certain land, part of it under water, along the Anacostia River (the Eastern Branch of the Potomac) in the neighborhood of South Capitol Street in Washington, D. C. It extends from S Street on the north to T Street on the south and from Water Street on the west to the "line of maximum depth" of the river on the east. It is described as Square East of 664.

The suit was filed in 1913 under the Act of April 27, 1912, 37 Stat. 93, but "for reasons not disclosed of record, prosecution has been deferred." United States v. Groen, D.C., 72 F.Supp. 713, 715. In the meantime this court has determined rights in the adjacent Square 666 and, in that connection, reviewed the history of the neighborhood. United States v. Belt, 1944, 79 U.S.App.D.C. 87, 142 F.2d 761.

Appellees Martin et al. derived title to lots fronting on the river, east of Water Street, in Square East of 664, through conveyances to their predecessors in 1794. The high water mark of the river was then about 60 to 80 feet east of Water Street. The land has since been extended eastward into the river, partly by natural accretion but largely by artificial fill. Under the River and Harbor Act of 1899, 30 Stat. 1151, § 11, 33 U.S.C.A. § 404, the Secretary of War has established a bulkhead line beyond which fills may not be made without a permit. This line is east of Water Street about 366 feet at S Street and about 323 feet at T Street. Further out in the river the Secretary of War has established a pierhead line. Some lots have been filled to the bulkhead line, and a wharf has been extended beyond it though not to the pierhead line.

The United States claims all land fill east of the high water mark of 1794. The District Court found that riparian rights, including the right to make fills and build wharves, were appurtenant to appellees' lots. It concluded (II) that appellees "and their predecessors in title, in the exercise of their riparian rights, have acquired ownership and title to the reclaimed land landward of the bulkhead line * * * and to the wharf which extends into the river from that bulkhead line. Their title is one which may be encumbered or conveyed and is subject to taxation by the taxing authorities. They may not be deprived of their title except for public purposes and then only upon due process of law and with just compensation. III. The United States * * * has no right, title or interest in any of the lands in Square East of [664] nor in the wharf projecting from that square. * * *" 1

The United States appealed and appellees Martin et al. filed a cross-appeal.2

■ An owner of riparian land in Square East of 664 has a "qualified right" to make fills and build wharves in the river. United States v. Belt, 79 U.S.App.D.C. 89, 93, 142 F.2d 761 (Square 666) supra. But exercise of this qualified right does not affect the power of the United States with regard to navigation. "Structures in the bed of a navigable stream * * * may be injured or destroyed without compensation by a federal improvement of navigable capacity. * * * Any structure is placed in the bed of a stream at the risk that it may be so injured or destroyed." United States v. Chicago, Milwaukee, St. Paul & Pacific Railroad Company, 312 U.S. 592, 599, 313 U.S. 543, 61 S.Ct. 772, 776, 85 L.Ed. 1064. Accordingly the fill and the wharf in suit may at any time be taken without compensation, in the interest of navigation, provided the taking is not arbitrary. Greenleaf Johnson Lumber Co. v. Garrison, 237 U.S. 251, 35 S.Ct. 551, 59 L.Ed. 939. The findings and judgment of the District Court should be modified accordingly. To avoid possibility of future dispute we think the court should also fix the location of the high water mark of 1794 as it was stipulated at the trial.

■ The Act of 1912, 37 Stat. 93, 94, § 4, requires the court to ascertain and report the value of any interests adverse to the United States. We find no error in the court's discharge of this duty.

Affirmed in part; reversed in part.

1. The court's opinion, but not its findings of fact and conclusions of law, are reported in United States v. Groen, 72 F. Supp. 713.

The court's conclusion III, which is substantially restated in paragraph 9 of its Final Judgment, is not to be interpreted as limiting paragraph 11 of the Final Judgment, which is to the effect that the United States has good title, subject to appellees' "riparian rights", to all the land between the extended south line of S Street, the extended north line of T Street, the high water mark, and the line of maximum depth of the river.

The appellees conceded and the court found that the United States has indefeasible title in fee simple to the land lying between the north and south lines of S Street, east of Water Street, extended [across South Capitol Street] to the line of maximum depth of the river. This is not to be understood as limited by the court's conclusion, with which we agree, that the United States has no riparian rights "at the termination of South Capitol Street." Such rights would cut across and destroy the riparian rights of the appellees.

2. The Act of April 27, 1912, 37 Stat. 93, 94, § 5, provided for direct appeal to the United States Supreme Court, but this provision was repealed by Sec. 13 of the Judiciary Act of 1925, 43 Stat. 936, 941–942, and the present appeal lay to this court. United States v. Belt, 1943, 319 U.S. 521, 63 S.Ct. 1278, 87 L.Ed. 1559.