**Lottie May MARTIN, petitioner v. The Honorable Jennings BAILEY, Judge of the United States District Court for the District of Columbia, respondent.**

Misc. No. 373.

United States Court of Appeals District of Columbia Circuit.

Argued June 25, 1953.

Decided Nov. 5, 1953.

Messrs. Daniel Partridge, III, and Philip F. Herrick, Washington, D. C., for petitioner.

Mr. John J. Courtney and Mr. Robert R. MacLeod, Atty., Dept. of Justice, Washington, D. C., for respondent.

Messrs. Leo A. Rover, U. S. Atty., William J. Peck, Asst. U. S. Atty., Vernon E. West, Corp. Counsel for Dist. of Columbia, Oliver Gasch, Asst. Corp. Counsel, Stanley DeNeale, Asst. Corp. Counsel, Washington, D. C., Burdette M. Asbill, and Warren E. Magee, Washington, D. C., entered appearances for respondent.

Mr. William R. Glendon, Asst. U. S. Atty., Washington, D. C., at time petition was filed, also entered an appearance for respondent.

Before EDGERTON, PRETTYMAN and WASHINGTON, Circuit Judges.

PER CURIAM.

On our remand to the District Court in Martin v. Standard Oil Co., 91 U.S.App. D.C. 84, 198 F.2d 523, Judge Bailey made

---

1. 62 Stat. 749 (1948), 18 U.S.C. § 1001 (Supp. 1952).

the following finding among others; "2. The Southeasterly boundary of said Lots 6, 7 and 8 owned by plaintiff as aforesaid is the high water mark of the Anacostia River (formerly known as the Eastern Branch) of 1794, as determined in United States v. Martin [85 U.S.App.D.C. 382], 177 F.2d 733." Petitioner says this finding should be amended by striking the words "of 1794".

The finding means that "as determined in United States v. Martin" petitioner's unqualified ownership in fee simple extends only to the high water mark of 1794. The finding is therefore correct. Nothing we said in the Standard Oil case, supra, means that the petitioner has, in land beyond the high water mark of 1794, more than the qualified right she was adjudged to have in United States v. Martin. Judge Bailey's finding does not mean she has less.

Petition for writ of mandamus denied.