**UNITED STATES of America,
Appellant,**

v.

**Mary A. WALD, Appellee.**

**UNITED STATES of America,
Appellant,**

v.

**H. L. FELTER, Appellee.**

**UNITED STATES of America,
Appellant,**

v.

**R. J. WEBER, Appellee.**

**Nos. 7440-7442.**

United States Court of Appeals
Tenth Circuit.

April 24, 1964.

Edmund B. Clark, Atty., Dept. of Justice (Ramsey Clark, Asst. Atty. Gen., B. Andrew Potter, U. S. Atty., Leonard L. Ralston, Asst. U. S. Atty., and Roger P. Marquis, Atty., Dept. of Justice, were with him on the brief), for appellant.

Yonne P. McDaniel, Mangum, Okl. (Hollis Arnett, Mangum, Okl., was with her on the brief), for appellees.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

These consolidated appeals relate to claims by the appellees-plaintiffs for the alleged partial taking of their lands by federal works constructed in connection with the W. C. Austin Reclamation Project in Oklahoma. Wald recovered judgment against the United States for $1,857, Felter for $3,174, and Weber for $7,429. The United States has appealed.

The complaints were, filed under the Federal Tort Claims Act[1] but after the United States moved for dismissal under 28 U.S.C. § 2680(a) on the ground that the acts complained of were done in the performance of a discretionary function or duty,[2] the plaintiffs amended to assert a claim under the Tucker Act on the theory that a taking of property in violation of the Fifth Amendment had occurred.[3] The trial was to the court.

■ When the United States takes property for public use and without just compensation as required by the Fifth Amendment, the owner may sue under the Tucker Act. In such suit consequential damages are not enough to sustain a recovery. An actual taking must be established.[4] The suit is in effect a condemnation action in reverse. The interest taken by the United States must be defined with precision.[5] The judgments do not purport to define the property taken. This alone requires reversal.

■ The United States says that the facts do not establish a taking and that the awards are not supported by evidence in the record. We agree that the awards are without record support but we are unable to determine whether there was a taking. In each case the judgment contains a statement, preceding the findings of fact, that the judge made a personal inspection of the premises and "heard the unsworn testimony of all persons who cared to testify." A subsequent trial was conducted in such an unorthodox manner that we cannot say with certainty what was stipulated or what was proved. In the circumstances fairness to all parties requires a new trial.

The judgment in each case is reversed and the cases are all remanded for a new trial.

1. 28 U.S.C. § 1346(b).

2. See also 33 U.S.C. § 702c.

3. 28 U.S.C. § 1346(a) (2). See Batten v. United States, 10 Cir., 306 F.2d 580, 581, 583, certiorari denied 371 U.S. 955, 83 S.Ct. 506, 9 L.Ed.2d 502.

4. Batten v. United States, supra, 306 F. 2d at 583–584.

5. United States v. Causby, 328 U.S. 256, 267, 66 S.Ct. 1062, 90 L.Ed. 1206; United States v. Cress, 243 U.S. 316, 329, 37 S. Ct. 380, 61 L.Ed. 746.