**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Carmen O. HERRERO et al., Defendants-Appellants.**

**No. 23004.**

United States Court of Appeals Ninth Circuit.

Sept. 3, 1969.

---

Finton J. Phelan, Jr. (argued) and Edward S. Terlaje (argued), of Terlaje & Torres, Arriola, Bohn & Dierking, Reyes & Lamorena, Ramon V. Diaz, Fred E. Bordallo, Agana, Guam, for appellants.

William M. Cohen (argued), Shiro Kashiwa, Asst. Atty. Gen., Edmund B. Clark, Fran McAnear, Attys., Dept. of Justice, Washington, D. C., James P. Alger, U. S. Atty., Benjamin H. Kelly, Asst. U. S. Atty., Agana, Guam, for appellee.

Before MERRILL and CARTER, Circuit Judges, and POWELL, District Judge *.

MERRILL, Circuit Judge:

This appeal is from judgment of condemnation of lands in Guam. Following eminent domain proceedings instituted by the Government a declaration of taking was filed pursuant to 40 U.S.C. § 258a on March 30, 1965. At issue is the date of taking: whether it should be the date of the filing of declaration or an earlier date. The judgment fixes compensation on the basis of a taking on July 1, 1962. Appellants contend that compensation should have been fixed on the basis of a taking on March 30, 1965, the date of the filing of the declaration. Appellants would thereby enjoy both increased land values and the value of improvements made by the Government.

Leasehold interests in the lands involved had been taken by the Government in 1946 and the leases had regularly been extended until June 30, 1962. From that date no legal action was taken by the Government until the filing of the declaration in 1965. The theory of the Government, with which the District Court agreed, was that upon expiration of the leases in 1962, continued Government possession of the lands constituted a taking by seizure under United States v. Dow, 357 U.S. 17, 78 S.Ct. 1039, 2 L.Ed. 2d 1109 (1958).

Appellants rely upon this court's holding in Calvo v. United States, 303 F.2d 902 (9th Cir. 1962). The issue presented by the appeal is whether, upon the facts of this case, *Dow* or *Calvo* should apply. We regard *Calvo* as distinguishable and *Dow* as controlling. Accordingly we affirm.

---

* Honorable Charles L. Powell, United States District Judge for the District of Washington, sitting by designation.

The property here involved now constitutes Marine Drive, the principal public highway of Guam. It runs for approximately 26 miles from the Naval Base in the south to Anderson Air Force Base in the north. It was constructed by the Government during its leasehold period. It varies in width from two-lane to six-lane and will accommodate the heaviest type of traffic.

In *Calvo* this court was also faced with a declaration of taking filed by the Government some years after expiration of leasehold interests. The property there taken also constituted a Guam roadway but quite a different sort of roadway. Under its lease the Government had bulldozed a dirt road to connect Apra Harbor on the west coast of the island with Camp Witek on the east coast for the moving of military material from the harbor to the camp. This court considered *Dow* to be distinguishable, holding that upon the *Calvo* record there was no showing of assertion of possession by the Government after termination of its lease sufficient to constitute a taking by seizure. We noted that the "seizure" claimed by the Government was a holding over after expiration of a lease. Such holding over, under such circumstances, standing alone was equivocal. The prior taking of a leasehold interest in itself suggested that government need was not of a permanent nature. Since the use to which the property had been put was consistent with a temporary need, the silence of the Government following expiration of the lease was as consistent with abandonment as with the seizure of a fee.

Thus in *Calvo* we held the property abandoned on expiration of the lease. Subsequent acts of maintenance and paving of the roadway were held not sufficient in themselves to constitute a seizure. There had, therefore, been no retaking of the property by the Government until the filing of its declaration.

■ Here the act of the Government in continuing to maintain a permanent highway constituting the island's most heavily travelled main road clearly constituted seizure under *Dow*. The owners were completely and permanently excluded from enjoyment.

We continue in the view that to seize and say "sue me" is high-handed governmental conduct, and not to be favored. This is particularly true when, as *Dow* makes clear, the Government when pressed may, in a belated declaration, reduce the extent of its taking to something less than the fee, and the owner must thus assume the burden of suit in order to compel the Government to commit itself as to just how much of an interest it is seizing. Here, however, the use to which the property had been put spoke clearly for the Government.

■ Appellants contend that the District Court erred in permitting the Government to amend its complaint. As originally filed the complaint had fixed the taking as of 1965. By the amendment the Government sought to relate the taking back to 1962 pursuant to *Dow*.

The court did not err. The amendment simply sought the relief to which the Government on the facts was entitled as a matter of law. Fed.R.Civ.P. 15(a).

Other assignments of error we regard as without merit.

Judgment affirmed.