**Carlos Matienzo ROMAN et al.,**
**Plaintiffs, Appellants,**

v.

**Mariano Acosta VELARDE et al.,**
**Defendants, Appellees.**

**No. 7418.**

United States Court of Appeals,
First Circuit.

Heard Feb. 3, 1970.

Decided May 26, 1970.

130

Virgilio Brunet, Hato Rey, P. R., with whom Edwin A. Cuevas, Hato Rey, P. R., was on brief, for appellants.

Raymond N. Zagone, Atty., Dept. of Justice, with whom Shiro Kashiwa, Asst. Atty. Gen., Blas C. Herrero, Jr., U. S. Atty., and Gerald D. Secundy, Atty., Dept. of Justice, were on brief, for appellees, United States and Hill.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This action, which might seem to be barred by the statute of limitations,[1] poses a question of subject matter jurisdiction because the district court dismissed on that ground without reaching the limitations issue. Plaintiffs sue the government under the Federal Tort Claims Act for damages on account of its occupation, under an allegedly invalid deed, of certain land claimed to belong to them.[2] From the court's holding that the government had not consented under the FTCA to suit, and consequent dismissal of the complaint, plaintiffs appeal. Concededly the district

1. *Cf.* United States v. Herrero, 9 Cir., 1969, 416 F.2d 945, cert. denied 397 U.S. 973, 90 S.Ct. 1090, 25 L.Ed.2d 267 ; Steel Improvement & Forge Co. v. United States, 1966, 355 F.2d 627, 631, 174 Ct. Cl. 24.

2. Plaintiffs' complaint also named a private individual, who was alleged to have participated in a fraudulent sale to the government. At oral argument plaintiffs conceded that no diversity of citizenship exists, and agreed to the individual's dismissal.

court has no Tucker Act jurisdiction, as the amount involved exceeds $10,000. 28 U.S.C. §§ 1346(a) (2), 1491.[3]

We quote from plaintiffs' brief their own version of the case. Plaintiffs seek,

"money damages against the appellees under the provisions of the Federal Tort Claims Act, 28 U.S.C.A. sec. 1346(b)[4] and under the provisions of the local law, alleging in substance that codefendant Mariano Acosta Velarde and his now deceased brother acquired illegally the absolute title of the property described in the complaint and thereafter said Mariano Acosta Velarde sold the referred property to codefendant United States of America, who had knowledge of the defect in the title of its vendor which affected the validity of said title and, notwithstanding, wrongfully took possession of said property, thereafter recording and registering the same on its behalf.

"It is further alleged in the complaint that by said wrongful acts of appellees, appellants have been deprived of the rightful possession and enjoyment of said property causing damages thereof in the sums alleged in the complaint."

The complaint goes into further details in its explanation of how, allegedly, plaintiffs are the true owners of the land in question, and as to the circumstances under which the individual defendant allegedly fraudulently purchased the locus at a public tax sale in 1939, and sold the land to the government. It alleges that the government bought with knowledge of the defect in title, "wrongfully took possession" in 1948, and still "wrongfully withholds" the land. Plaintiffs characterize their action as being for trespass.

The government takes the position that it has not consented in the FTCA to suit on a claim for trespass to land where the issue of title is involved. The absolutes of this contention might be more acceptable if the government's reliance was not placed upon inapposite citations, either cases preceding the Act, Maricopa County, Arizona v. Valley National Bank, 1943, 318 U.S. 357, 63 S.Ct. 587, 87 L.Ed. 834; Rambo v. United States, 5 Cir., 1944, 145 F.2d 670, cert. denied 324 U.S. 848, 65 S.Ct. 685, 89 L.Ed. 1408, or cases not seeking money damages, which is all that the Act permits, 28 U.S.C. § 1346 (b); Leiter Minerals, Inc. v. United States, 1957, 352 U.S. 220, 77 S.Ct. 287, 1 L.Ed.2d 267; Dugan v. Rank, 1963, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15; Malone v. Bowdoin, 1962, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168; Larson v. Domestic & Foreign Commerce Corp., 1949, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628. Consequently, our consideration must go further.

Historically, jurisdiction to award damages for a taking not effected by eminent domain proceedings was occasionally found in the contract clause of the Tucker Act. A promise to pay compensation was said to be implicit when the government appropriated property without claiming title. *E.g.*, United

---

3. 28 U.S.C. § 1346(a) (2) grants the district courts original jurisdiction, concurrent with the Court of Claims, of any "civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

In similar language, 28 U.S.C. § 1491 grants jurisdiction to the Court of Claims without limitation as to amount in controversy.

4. "[T]he district courts, * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

States v. Cress, 1917, 243 U.S. 316, 329, 37 S.Ct. 380, 61 L.Ed. 746. However, when the government took under a claim of title, no promise could be fictionalized, and hence there was no jurisdiction. Langford v. United States, 1879, 101 U. S. 341, 25 L.Ed. 1010; Hill v. United States, 1893, 149 U.S. 593, 13 S.Ct. 1011, 37 L.Ed. 862; Tempel v. United States, 1918, 248 U.S. 121, 130, 39 S.Ct. 56, 63 L.Ed. 162. In United States v. Causby, 1946, 328 U.S. 256, 66 S.Ct. 1062, 90 L.Ed. 1206, the Court concluded that there was a jurisdictional basis for suit other than express or implied promise. It there said, at p. 267, 66 S.Ct. at pp. 1068–1069,

> "We need not decide whether repeated trespasses might give rise to an implied contract. \* \* \* If there is a taking, the claim is 'founded upon the Constitution' and within the jurisdiction of the Court of Claims to hear and determine."

See also, Malone v. Bowdoin, 1962, 369 U.S. 643, 647 n. 8, 82 S.Ct. 980, 8 L.Ed. 2d 168. The Court of Claims recognizes this principle. In St. Regis Paper Co. v. United States, 1948, 76 F.Supp. 831, 110 Ct.Cl. 271, cert. denied 335 U.S. 815, 69 S.Ct. 32, 93 L.Ed. 370, it said, at p. 833,

> "We do not think the right of recovery is limited under the Tucker Act \* \* \* to such a taking as would give rise to a contract, express or implied in fact, to pay compensation. The act is much broader than that and includes among other things 'all claims founded upon the Constitution or any law of Congress.'"

See also, Sioux Tribe of Indians of Lower Brule Reservation, S. D. v. United States, 1963, 315 F.2d 378, 379, 161 Ct.Cl. 413,

cert. denied 375 U.S. 825, 84 S.Ct. 66, 11 L.Ed.2d 57.

We turn to the issue of jurisdiction under the FTCA. There is nothing in the language of section 1346(b) which excepts trespasses from other torts. Indeed, it has been said that Congress worded the Act so that it accepted liability for "wrongful" as well as "negligent" acts in order to include trespasses which might not be considered strictly negligent. See Dalehite v. United States, 1953, 346 U.S. 15, 45, 73 S.Ct. 956, 97 L.Ed. 1427. The basis of the district court's decision that the government had not consented to be sued cannot be supported.

Nevertheless, we cannot uphold jurisdiction over this cause of action. Congress may have intended that the FTCA embrace only claims not previously consented to under the Tucker Act. See Gottlieb, The Tort Claims Act Revisited, 49 Geo. L.J. 539, 574 (1961). But see New England Helicopter Service v. United States, D.R.I., 1955, 132 F.Supp. 938; Gellhorn & Schenck, Tort Actions Against the Federal Government, 47 Colum. L. Rev. 722, 731–33 (1947). Without deciding the validity of this general proposition, we hold that the FTCA does not provide a supplementary forum for plaintiffs demanding compensation for land permanently taken. At the time of the FTCA's passage such compensation could be sought under the Tucker Act. United States v. Causby, supra; cf. Jacobs v. United States, 1933, 290 U.S. 13, 16, 54 S.Ct. 26, 78 L.Ed. 142. Such a "condemnation action in reverse," United States v. Wald, 10 Cir., 1964, 330 F.2d 871, would be conducted under rules manifestly more appropriate than those available under a "continuing trespass" theory.[5]

---

5. Parenthetically, we note that although there might be liability at trespass for wrongful dispossession (an act accomplished, if at all, by the individual defendant), it is highly doubtful that there is liability for "wrongfully withholding" the land after entry. See Restatement, Torts 2d, § 162, Comment c (1965); Harper & James, Law of Torts, § 1.7 (1956). Under section 1346(b), the issue of liability would turn upon the law of Puerto Rico, and we do not now decide this issue, which was not briefed or argued before the court. However, we think that it is relevant, in determining Congressional intent with regard to the allocation of

The relief that the district court is empowered to give for trespass is limited, both in time, and in quality. Time, because the award is normally for a finite period, and quality, because the judgment is simply for monetary damages. In the Court of Claims complete and final compensation for land permanently taken can be awarded. The measure of damages is the full value of the locus at the time of entry. United States v. Herrero, 9 Cir., 1969, 416 F.2d 945, cert. denied 397 U.S. 973, 90 S.Ct. 1090, 25 L.Ed.2d 267. Moreover, the decree describes the property "with precision," United States v. Wald, *supra,* and recites the vesting in the United States of the estate found to have been taken. Wright v. United States, 1960, 279 F.2d 517, 521, 150 Ct.Cl. 386; Adaman Mutual Water Co. v. United States, 1958, 181 F.Supp. 658, 667, 143 Ct.Cl. 921. Alternatively, the decree may require an actual conveyance. Jensen v. United States, 1962, 305 F.2d 444, 449, 158 Ct.Cl. 333; Matson v. United States, 1959, 171 F.Supp. 283, 286, 145 Ct.Cl. 225.

As against this government advantage there may be the offsetting problem of determining in the individual instance whether the cause of action is one of such a nature, rather than a trespass of less consequence for which there could be no objection to a FTCA suit. This is not, however, a serious dilemma. If suit is commenced under the FTCA, and it is found that the case is one which, under the above principle, belongs in the Court of Claims, the district court can, and should, on motion, transfer it. 28 U.S.C. § 1406(c).

The judgment of the District Court is reversed and the case remanded. If, within 60 days, the plaintiffs move for the transfer to the Court of Claims, this motion should be granted. If they do not so move, the action should be dismissed without prejudice. No costs.

jurisdiction, whether a claim was an established tort under general law. Local lawmakers do not have unlimited power

to bring Tucker Act claims under the FTCA by declaring them to be "torts."