UNITED STATES of America, Plaintiff-Appellee,

v.

W. W. WOOD et al., Defendants-Appellants.

No. 25372.

United States Court of Appeals, Ninth Circuit.

Aug. 21, 1972.

William G. Whitney, Portland, Or., for defendants-appellants.

Jacque B. Gelin, Atty. (argued), Shiro Kashiwa, Asst. Atty. Gen., S. Billingsley Hill, Chief, Appellate Section, Edmund B. Clark, Atty., Lands & Natural Resources Div., Dept. of Justice, Washington, D. C., Sidney I. Lezak, U. S. Atty., Jack G. Collins, Asst. U. S. Atty., Portland, Or., Richard P. O'Connor, Revenue, San Francisco, Cal., for plaintiff-appellee.

Before MERRILL and HUFSTEDLER, Circuit Judges, and CROCKER, District Judge.*

MERRILL, Circuit Judge:

The United States brought suit seeking an injunction to prevent appellants from blocking a forest service road running across appellants' mining claim, and damages for injury done to the road. The Government also asked that title to the alleged easement for the road be quieted in the United States. The District Court rendered judgment for the United States. By this appeal the right of the Government to claim the road is brought in question.

In 1946 the Government acquired an easement for a forest service road across two unpatented mining claims in Clackamas County, Oregon: the Clackamas Claim and the Oak Grove Claim. The road was subsequently constructed and has ever since been used by the Government.

In 1958 a patent was issued on the Clackamas Claim. In hearings leading to issuance of the patent, the claimants unequivocally stipulated that the grant would not prejudice the Government's easement. After the patent grant the Government continued to use the road as it had before, without any show of adversity on the part of the owners or occupants of the claim until, in 1966, appellants, occupying the claim under a lease from its owners, blocked and damaged the road.

Notwithstanding the clear intent of the parties, the patent deed failed to reserve the easement to the United States. It is the consequence of this failure that is at issue.

■■■ The District Court, adopting a position asserted by the Government, ruled that the "road constructed on the easement was not public land subject to disposition under the mining laws" and thus was excluded from the patent. This, in our judgment, was an erroneous confusion of the nature of the easement with that of a withdrawal from public domain lands by executive proclamation.

The acquisition of the easement did not constitute or have the effect of a proclamation withdrawing the easement from entry.[1] To the contrary, it constituted recognition by the Government of the exclusive possessory interest of the mining claimant, subject only to the right of use granted by the claimant to the United States.[2]

The patent deed which was subsequently granted served to convert possessory title to fee and, in the absence of a reservation by the government grantor of the easement it had earlier acquired, unencumbered fee title would normally have passed as to the entire claim.[3] The right of the Government to

---

* Honorable M. D. Crocker, United States District Judge for the Eastern District of California, sitting by designation.

1. Cf. United States v. Midwest Oil Co., 236 U.S. 459, 35 S.Ct. 309, 59 L.Ed. 673 (1915); United States v. Consolidated Mines & Smelting Co., Ltd., 455 F.2d 432, 442–444 (9th Cir. 1971).
The authority cited for the Government's position involved situations where the land in question clearly could not be characterized as "public domain" that would be subject to disposition under the mining laws. Oklahoma v. Texas, 258 U.S. 574, 600–601, 42 S.Ct. 406, 66 L.Ed. 771 (1922); Rawson v. United States, 225 F.2d 855 (9th Cir. 1955), cert. denied, 350 U.S. 934, 76 S.Ct. 306, 100 L.Ed. 816 (1956); Thompson v. United States, 308 F.2d 628 (9th Cir. 1962). In the instant case, however, there is apparently no question that all of the Clackamas Claim was located on public domain lands at least prior to the grant of the easement. In our view, the acquisition of an easement by the Government is not the kind of legislative or executive action required to "withdraw" land from the public domain. See the discussion of withdrawal in Midwest Oil, supra; Consolidated Mines, supra.

2. See 30 U.S.C. § 26; Best v. Humboldt Placer Mining Co., 371 U.S. 334, 335–336, 83 S.Ct. 379, 9 L.Ed.2d 350 (1963).

3. See generally Beard v. Federy, 70 U.S. (3 Wall.) 478, 491–492, 18 L.Ed. 88 (1865); Smelting Co. v. Kemp, 104 U.S.

use of the road, in so far as it was based on the pre-existing easement grant, would then have ceased to exist, being superseded by an equitable right to secure reformation of the patent deed.[4]

■ The sovereign power of the Government, however, provided it with an independent source of right to the use of the easement area. Continued use was not by sufferance of the owner but was by claim of right pursuant to the understanding of the parties.[5] Continued use of the road did, then, constitute a taking by seizure of any rights of the owner adverse to the Government use.[6] *See* United States v. Dow, 357 U.S. 17, 21–22, 78 S.Ct. 1039, 2 L.Ed.2d 1109 (1958); Best v. Humboldt Placer Mining Co., 371 U.S. 334, 340, 83 S.Ct. 379, 9 L.Ed.2d 350 (1963); Hurley v. Kincaid, 285 U.S. 95, 103–104, 52 S.Ct. 267, 76 L.Ed. 637 (1932); United States v. Cress, 243 U.S. 316, 328–329, 37 S.Ct. 380, 61 L.Ed. 746 (1917); United States v. Lynah, 188 U.S. 445, 470–471, 23 S.Ct. 349, 47 L.Ed. 539 (1903); United States v. Herrero, 416 F.2d 945 (9th Cir.1969), cert. denied, 397 U.S. 973, 90 S.Ct. 1090, 25 L.Ed.2d 267 (1970); United States v. 422,978 Square Feet of Land, 445 F.2d 1180, 1187–1188 (9th Cir. 1971). *See also* 3 Nichols, The Law of Eminent Domain § 8.1 [2], at 11 (Rev. 3d ed. 1965).

By its seizure the United States obtained the right to possession and use of the area seized at the time of the taking. *See, e.g.,* United States v. Dow, *supra,* 357 U.S. at 26, 78 S.Ct. 1039; United States v. Cress, *supra,* 243 U.S. at 328, 37 S.Ct. 380; United States v. Lynah, *supra,* 188 U.S. at 470, 23 S.Ct. 349; *cf.* Hurley v. Kincaid, *supra,* 285 U.S. at 104, 52 S.Ct. 267. Appellants' action in obstructing and damaging the road served directly to interfere with that possession and use and the Government accordingly seeks such relief as is required to protect its possessory interest.

■ Judgment of the District Court granted such relief by way of injunction and money damages. However, it may also be read as actually quieting title to the easement area in the United States. (The Government had requested this further determination.) To the extent that the judgment may be so read, it must be vacated. Defendants in this case are simply lessees and not the actual owners of the Clackamas Claim. In a suit to quiet title, all persons interested in the title are indispensable parties. McShan v. Sherrill, 283 F.2d 462, 463–464 (9th Cir.1960); 3A Moore's Federal Practice ¶ 19.09 [1], at 2312–14 (2d ed. 1970).

---

636, 26 L.Ed. 875 (1881); Steel v. St. Louis Smelting & Refining Co., 106 U.S. 447, 1 S.Ct. 389, 27 L.Ed. 226 (1882); 3 H. Tiffany, The Law of Real Property § 949 (3d ed. 1939); 2 American Law of Mining § 9.28 (1971).

This conclusion may, however, be subject to qualification in cases where an easement might remain by implication or by estoppel. *See generally* Cheney v. Mueller, 485 P.2d 1218, 1220–1225 (Or. Sup.Ct.1971); 5 Restatement of Property § 476; 3 H. Tiffany, *supra,* §§ 779–80, 785–88, 791, 801; *cf.* 2 American Law of Mining, *supra,* § 9.29. Both of these exceptions seem relevant on the facts of this case. However, the District Court's conclusion avoided the necessity of considering them, and our disposition, though different from the lower court's, also makes it unnecessary and inappropriate to make any gratuitous determinations in this regard.

4. *See* United States v. Blaylock, 159 F. Supp. 874 (N.D.Cal.1958), aff'd and opin. adopted, 270 F.2d 809 (9th Cir. 1959); *cf.* 3 H. Tiffany, *supra* note 3, § 949; 1 American Law of Mining § 3.22 (1971); 2 *id.* § 9.34.

5. *Compare* Calvo v. United States, 303 F.2d 902, 907 (9th Cir. 1962).

6. This would apply as well to any portions of the present roadway which extend out of the area encompassed by the original grant of easement. *Cf.* Sioux Tribe v. United States, 315 F.2d 378, 161 Ct.Cl. 413, cert. denied, 375 U.S. 825, 84 S.Ct. 66, 11 L.Ed.2d 57 (1963).

We note that no objection has been made as to a lack of authority for the Government to take the forest service road. *See also* Scott Lumber Co. v. United States, 390 F.2d 388 (9th Cir. 1968).

Lack of an appropriate occasion to quiet title in the United States to that which it has seized puts in question the right of the United States to secure enforcement of its taking by affirmative relief.

The Fifth Circuit has held that when the Government takes by seizure and has not compensated or initiated proceedings to compensate the owner of the seized property, it may not automatically proceed to bar the owner from use of his lands. Lacy v. United States, 216 F.2d 223, 225–226 (5th Cir.1954). We agree that in the absence of title, which does not pass until the United States has acted to comply with its implied promise to compensate the owner, see, e.g., United States v. Dow, supra, 357 U.S. at 21–22, 78 S.Ct. 1039, the Government's ability to seek relief from a court of equity must be closely confined. Here, however, two factors lead us to affirm the judgment to the extent of the injunction and damages.

First, in Lacy, supra, the Government sought to exclude the private landowner from the land arguably seized although occupation by the landowner did not directly affect the Government's use. The court held that the owner could make use of his land "in such manner as does not amount to an ouster of the Government from the easement." 216 F.2d at 225. In the present case, the Government sought to prevent, and be compensated for, direct interference with its own right of use. We think the landowner must in such cases as this one seek compensation in inverse condemnation rather than attempt to thwart the very use which the Government is making. Additionally, since the Government is simply seeking to protect its use, this case does not present the uncertainty which is inherent in a government attempt to prevent use by the landowner while at the same time failing to declare the precise extent of its own taking.

Second, as the Fifth Circuit emphasized in Lacy, the problem usually presented in a government effort to obtain relief without taking the steps necessary to gain title is one of failure to do equity before seeking relief in a court of equity. In the present case, however, the Government may not be so accused. It has proceeded on the basis of an agreement with the patent grantee that its easement would remain unaffected. While the patent grant arguably eliminated that easement by the absence of language expressly reserving it (see note 3, supra), and thus required the Government to proceed by seizure, the prior agreement to preserve the easement interest would still be relevant to a determination of the value of the interest seized. In this case the relevant value of the easement in question—i.e., the value to the owner of the Clackamas Claim at the time of the taking [7]—would appear to be nil in view of the Government's equitable right of reformation (see note 4, supra). The Government, it would appear, had a right to obtain title to the easement without compensating the landowners to any extent.

We conclude that although nonjoinder of indispensable parties precludes the United States from having title to its easement quieted in this suit, the United States is nevertheless entitled to affirmative relief against these defendants in protection of its rights of use and possession.

Judgment is affirmed in its grant of injunctive relief and money damages. To the extent that judgment may be read as quieting title in the United States, it is vacated.

7. See, e. g., United States v. Dow, 357 U.S. 17, 22, 78 S.Ct. 1039, 2 L.Ed.2d 1109 (1958) ; Best v. Humboldt Placer Mining Co., 371 U.S. 334, 340, 83 S.Ct. 379, 9 L.Ed.2d 350 (1963).