Rodney DRIVER et al.

v.

Richard HELMS et al.

Civ. A. No. 75–0224.

United States District Court,
D. Rhode Island.

Sept. 11, 1978.

Melvin L. Wulf, American Civil Liberties Union Foundation, New York City, Richard W. Zacks, Providence, R. I., Burt Neuborne, New York City, for plaintiffs.

Charles R. Donnenfeld, Arent, Fox, Kintner, Plotkin, Kahn, Washington, D. C., Guy J. Wells, Providence, R. I., Jacquelin A. Swords, Cadwalader, Wickersham & Taft, New York City, George M. Vetter, Jr., Providence, R. I., Walter H. Fleischer, Cole & Groner, Washington, D. C., Harry W. Asquith, Everett C. Sammartino, Asst. U. S. Atty., Providence, R. I., Rex E. Lee, John T. Boese, Office of Special Litigation, Civ. Div., U. S. Dept. of Justice, Washington, D. C., Donald J. Cohn, Webster, Sheffield, Fleishmann, Hitchcock & Brookfield, New York City, Alan T. Dworkin, Providence, R. I., Plato Cacheris, Hundley, Cacheris & Sharp, Jon T. Brown, Duncan, Brown, Weinberg & Palmer, Seymour Glanzer, Dickstein, Shapiro & Morin, Washington, D. C., Joseph V. Cavanagh, Providence, R. I., for defendants.

## MEMORANDUM AND ORDER

PETTINE, Chief Judge.

In this suit for declaratory and injunctive relief and money damages, plaintiffs have sued various former and present officials of the United States for allegedly opening their mail in contravention of various constitutional provisions. The United States moved to intervene in this case as a party defendant; and that motion was granted on September 26, 1975. It argues to the Court that, because criminal investigations into the alleged wrongdoing were then underway, it would need to protect its interests by seeking a stay of these civil proceedings. On October 17, 1975, this Court refused to stay proceedings. *Driver v. Helms*, 402 F.Supp. 683 (D.R.I.1975).

As part of its participation in this suit, the United States has filed an answer admitting and denying the factual allegations of the complaint on August 26, 1975; it filed a memorandum in opposition to plaintiffs' motion for class certification on October 19, 1975; on January 5, 1976 it opposed plaintiffs' motion for a protective order from discovery on the grounds that "the relief sought by the plaintiffs . . . would unduly restrict the United States . . . in their defense of the action"; it objected to plaintiffs' amended first interrogatories on January 22, 1976; and it filed

a reply memorandum again opposing class certification on February 6, 1976. Thus it may be seen that it has been acting as a general party defendant and not as an intervenor admitted for a limited purpose.

On February 6, the day after defendant Lyman Kirkpatrick, Jr. filed a cross claim for indemnification against the United States, it moved to be dismissed on the ground of sovereign immunity. This Court reserved decision on this motion, pending decision in a companion class action, *Driver v. United States*, C.A. No. 76–297, brought on identical facts pursuant to the Tort Claims Act for money damages against the United States. *See Driver v. Helms*, 74 F.R.D. 382, 387 n.2 (D.R.I.1977), *aff'd* in part, *rev'd* in part and remanded, 577 F.2d 147 (1st Cir. 1978). In a memorandum and order of April 27, 1977, this Court transferred *Driver v. United States* to the Eastern District of New York for consolidation with other similar suits. This Court therefore did not reach the sovereign immunity question in either of the two cases. That question is now before the Court in the case of *Driver v. Helms*.

### Declaratory and Injunctive Relief

■ Subsequent to the filing of the motion to dismiss, Congress on October 21, 1976 passed Public Law No. 94–574, 90 Stat. 2721, to facilitate suits against the United States for non-monetary relief. In part it amended the Administrative Procedure Act, to provide that in a suit brought by a person aggrieved by agency action for relief other than money damages,

> The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States . . .. 5 U.S.C. § 702 (1976)

This suit is brought in part pursuant to the Administrative Procedure Act by persons allegedly aggrieved by agency action and therefore the waiver of sovereign immunity applies to this case.[1] The legislative history makes clear that Congress intended to waive sovereign immunity as a technical defense to suits for injunctive and declaratory relief: the legislation amended § 702 "so as to remove the defense of sovereign immunity as a bar to judicial review of Federal administrative action otherwise subject to judicial review". H.R.Rep.No. 94–1656 94th Cong., 2d Sess. 1, *reprinted in* [1976] U.S.Code Cong. & Admin.News at 6121.

The defendants have not questioned whether the amendment should be given retroactive effect. Inasmuch as the legislative history of this remedial legislation makes clear Congress' opposition to the technical use of the sovereign immunity defense, *id.* at 6123, we see no reason not to follow the statute in this case. The Act was passed during the preliminary stages of the suit, so no final judgment or prior expectations would be upset by its application. Moreover, while the United States moved for dismissal prior to the passage of the Act, it continued to file memoranda on the instant motion for this Court's consideration long after the Act had come into effect. Finally, we note that another provision of the October 21 Act, which eliminated the jurisdictional amount in suits against the United States, 28 U.S.C.A. § 1331 (1976) has been given effect in suits pending at the time of its passage. *Green v. Philbrook*, 427 F.Supp. 834, 836 (D.Vt.1977); *cf. Ostrer v. Aronwald*, 434 F.Supp. 379, 384–85 (S.D.N.Y.1977), *aff'd* 567 F.2d 551 (2d Cir. 1977).

We therefore conclude that this suit may go forward against the United States for declaratory and injunctive relief under the Administrative Procedure Act.[2]

---

1. The United States admits the applicability of the Act in its Third Supplemental Reply Brief of Intervenor-Defendant United States . . . to Plaintiffs Opposition to Motion of United States . . . to Dismiss of Nov. 15, 1976 at 2.

2. Defendant also claims that the suit for declaratory and injunctive relief is moot because the mail intercept program has been halted. *Cf. Defunis v. Odegaard*, 416 U.S. 312, 97 S.Ct. 1704, 40 L.Ed.2d 164 (1974); *North Carolina v. Rice*, 404 U.S. 244, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971). But the cessation of wrongdoing does not automatically moot a case. *See United*

### Damages

■ With regard to money damages, the United States contends that sovereign immunity bars this suit because, "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . Except as Congress has consented there is no jurisdiction . . . in any other court to entertain suits against the United States . . . ." *United States v. Sherwood*, 312 U.S. 584, 586–88, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). *See also United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Congress, the Government asserts, has not waived immunity for money damages in a case such as this in any statute with the possible exception of the Tort Claims Act, the applicability of which is no longer part of this case.

The plaintiffs do not contend that any statute operates as a consent to suit. They also admit that precedent ordinarily precludes the executive branch from waiving sovereign immunity, *Minnesota v. United States*, 305 U.S. 382, 388–89, 59 S.Ct. 292, 83 L.Ed. 235 (1939), and, therefore, that the Government cannot waive its sovereign immunity by instituting or intervening as plaintiff in a suit, *cf. Jacobs v. District Director of Internal Revenue*, 217 F.Supp. 104 (S.D.N.Y.1963).

Instead, the plaintiffs urge this Court to take into consideration those difficulties with the theory of sovereign immunity noted in *James v. United States*, C.A.No.4670 (D.R.I. July 14, 1975), and to allow the claim for damages to go forward because fairness and unique facts require it. They ask the Court to heed Justice Frankfurter's teaching that "the doctrine [of sovereign immunity] is not absolute, and . . . considerations of fair play must be taken into account in its application". *National City Bank of N. Y. v. Republic of China*, 348 U.S.

356, 364, 75 S.Ct. 423, 429, 99 L.Ed. 389 (1955).

The special facts of this case, plaintiffs assert, arise because the United States intervened in this suit with "its institutional eyes wide open" and was aware of the purposes and the consequences of its intervention. More specifically, the plaintiffs claim that it inappropriately used the judicial process by employing the full resources of the Department of Justice to litigate against the plaintiffs. As such, it acted on behalf of the defendants, officials who were then under federal investigation for potential criminal wrongdoing and who were therefore precluded from receiving a defense by the Government.[3] *See* Brief in Support of the Motion of the United States for Stay of Proceedings, at 8.

Plaintiffs analogize the exception they seek with the court-created doctrine which permits a defendant who is sued by the United States to raise the defense of recoupment up to the amount of the final judgment. *But see United States v. Shaw*, 309 U.S. 495, 501, 60 S.Ct. 383, 84 L.Ed. 461 (1940) (suggesting that the right of recoupment arises by statute). Plaintiffs argue that, as the recoupment exception arose from a sense of fundamental fairness, so too this Court should recognize an exception in this case out of its sense of fairness. But plaintiffs' analogy stretches the recoupment exception beyond recognition. Recoupment is "in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded", *Bull v. United States*, 295 U.S. 247, 262, 55 S.Ct. 695, 700, 79 L.Ed. 1421 (1935). That exception does not extend to those situations, such as this one, where the relief sought is "different in kind or nature to that sought by the government or in the sense of exceeding the amount of the government's

---

States v. W. T. Grant, 345 U.S. 629, 632–33, 73 S.Ct. 894, 97 L.Ed. 1303 (1953); *Defunis v. Odegaard*, 416 U.S. at 318, 97 S.Ct. 1704. The long term nature of the alleged wrong and its alleged covert aspects make this proposition especially true of this case because of the difficulty of assuring the plaintiffs that all interception has ceased. Moreover, plaintiffs seek in-

junctive relief with regard to material allegedly still in the possession of the defendants.

**3.** The Government's attempt to minimize its participation in this suit and to claim that its only real act in the case was to seek a stay must fail.

claims . . . ." *Frederick v. United States*, 386 F.2d 481, 488 (5th Cir. 1967). *Cf. Lacy v. United States*, 216 F.2d 223 (5th Cir. 1954). Here the only relief the United States now seeks is to be dismissed from the suit; the cases relating to recoupment are wholly inapposite.

Despite the plaintiffs' attempt to characterize this situation as unique and without applicable precedent, the fact that the United States is here as an intervenor defendant, and not as a plaintiff or a named defendant, does not create such a unique situation as to permit this Court to avoid the precedent on sovereign immunity which it recognized as binding in *James v. United States, supra.*

The claims for money damages against the United States are hereby dismissed because barred by the doctrine of sovereign immunity.