**UNITED STATES of America, Plaintiff,**

v.

**14.54 ACRES OF LAND, MORE OR LESS, SITUATED IN the TOWN OF WASHINGTON, COUNTY OF DUTCHESS, STATE OF NEW YORK, Leonard J. Massello, the Federal Land Bank of Springfield, Hudson Valley Production Credit Association, the State of New York and Unknown Others, Defendants.**

No. 78 Civ. 2786 (CHT).

United States District Court, S.D. New York.

Nov. 16, 1984.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for the Government; Bernard W. Bell, Asst. U.S. Atty., New York City, of counsel.

Searles & Sackman, P.C., New York City, Slavitt, Connery & Vardamis, Norwalk, Conn., for defendant Leonard J. Massello; Sidney Z. Searles, New York City, Robert A. Slavitt, Norwalk, Conn., of counsel.

## OPINION

TENNEY, District Judge.

This case is a condemnation action involving land located in the Town of Washington, Dutchess County, New York.[1] In addition to seeking compensation for the value of the land taken, the defendant landowner, Leonard J. Massello, claims that the Government is liable for (1) rent for the use and occupancy of the land from July 1, 1977, after the lease expired, to June 16, 1978, when the Government filed its declaration of taking, and (2) damages arising from the Government's failure to restore the land to its original condition upon expiration of the lease.

The Government now moves for partial summary judgment dismissing the defendant's claims for rent, and for damages for the cost of restoring the land. For the reasons stated below, the motion for partial summary judgment is granted.[2]

### Background

Prior to the condemnation, the Government leased the land at issue under a ten-year lease that expired on June 30, 1977. During the term of the lease, the Government erected a VORTAC facility on the property. A VORTAC facility is a structure used for guiding aircraft. When the lease expired, the Government was unable to reach an agreement with the defendant concerning new leasing terms and therefore exercised its power of eminent domain. Although the Government remained in possession of the land after the lease expired in June 1977, it did not file its declaration of taking until June 16, 1978. An Order for Delivery of Possession, filed by this Court on September 26, 1978, provided that the condemnation was effective as of July 1, 1977, the day after the lease expired.

### Discussion

Fed.R.Civ.P. 56(c) provides that a motion for summary judgment may be granted only if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *See generally* 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 56.15[1.–0] (2d ed. 1983). The party moving for summary judgment must show that there are no material facts in dispute. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142

---

1. The land was taken under the Government's power of eminent domain pursuant to 40 U.S.C. §§ 257–258a (1982) and 49 U.S.C. § 1344 (1982).

2. The Government also argues that the defendant's claim for payment of the cost of restoring the property should be severed from the other claims made by the defendant, if it is not dismissed by summary judgment, and should be determined by the Court. The severance issue need not be addressed since this claim is disposed of by the present motion.

(1970); *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 444 (2d Cir. 1980). Summary judgment, however, will not be denied merely because of conclusory allegations or denials made by the opposing party; supporting facts or arguments must be set forth. *See SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978).

## A.  *Rent*

The defendant argues that because the Government did not vacate the property when the lease expired on June 30, 1977, the Government was a holdover tenant and therefore owes rent from July 1, 1977 to June 16, 1978 when a declaration of taking was filed. In opposition to the Government's motion for partial summary judgment on this issue, the defendant argues that "at least one factual issue [exists, which is] the effective date of the 'taking.'" This is the only issue identified by the defendant as a factual question requiring trial.

■ Under *United States v. Dow*, 357 U.S. 17, 78 S.Ct. 1039, 2 L.Ed.2d 1109 (1958), however, the effective date of taking is a question of law, not fact. In *Dow*, the Supreme Court held that the Government may exercise its power of eminent domain by taking physical possession of the designated property, without first obtaining a court order. Thus, if the Government seizes a tract of land prior to filing a declaration of taking, the date of the actual physical possession constitutes the date of the taking. *Id.* at 21, 78 S.Ct. at 1044.

In the case at bar, it is undisputed that the Government retained physical possession of the property after the lease expired on June 30, 1977 and continued to use the land after that date. Thus, no genuine issue of fact exists and the question of the Government's liability for rent is ripe for summary judgment.

■ Because the date of physical possession fixes the date of taking, the property in this case was seized as of July 1, 1977, when the lease expired. *See United States v. Herrero*, 416 F.2d 945, 946 (9th Cir.1969), *cert. denied*, 397 U.S. 973, 90 S.Ct. 1090, 25 L.Ed. 267 (1970) (holding that even though the Government did not file a declaration of taking until three years after the lease expired, the Government's continued possession of the land constituted a taking by seizure under *United States v. Dow*). Because the taking occurred as of July 1, 1977, the defendant's claim for rent subsequent to that date must fail as a matter of law. The Government's motion for summary judgment on this question is therefore granted.

## B.  *Cost of Restoring the Property*

■ The defendant also seeks payment for the costs that would have been incurred in restoring the property to its original condition if the Government had vacated the premises. The Government has moved for summary judgment dismissing this claim. The Government's motion is granted.

The facts pertaining to this issue are undisputed.[3] The defendant bases his claim on paragraph 8 of the lease in effect between 1967 and 1977 which provides in relevant part:

> The Government shall surrender possession of the premises upon the expiration or termination of this lease and, ... shall ... return the premises in as good condition as that existing at the time of entering upon the same under this lease [or] the Government shall have the right and privilege of making a cash settlement with the Lessor in lieu of performance of its obligation, ... to restore the real estate.

---

3. As indicated earlier, the defendant argues that a trial is necessary to determine the "factual" question of the date of taking. The defendant contends that if the date of taking is found to be prior to or concurrent with the expiration of the lease, his claim for restoration costs will be affected. Because it has been determined as a matter of law that July 1, 1977—the day after the lease expired—is the date of taking, the defendant's argument concerning this issue has no merit.

Because the Government exercised its power of eminent domain as soon as the lease expired, possession of the land was never returned to the property owner.

The Government argues that it was not obligated to restore the property to its original condition since it did not surrender possession of the premises. The Court agrees. After the lease expired, the defendant did not have the power to demand that the Government tear down any structure or building erected on the tract since the defendant no longer owned the land. It follows that, absent a duty to restore the land, there was no obligation on the part of the Government to make a cash payment in lieu of such restoration.

The Government's obligation to restore the premises or make a cash settlement was *conditioned* on the surrender of possession of the land. A condition has been defined as being an event that must take place before the promissor can be obligated to perform. *See* Restatement (Second) of Contracts § 224 (1979). In the case at bar, the land had to be returned to the defendant before any obligation arose on the part of the Government to restore the land or pay for the cost of such work. The language of paragraph 8 makes it clear that surrender of the property was necessary before the Government was required to perform. Paragraph 8 specifically provides that the Government "shall ... return the premises in ... good condition." The Government's obligation to ensure that the premises were in good condition, therefore, did not arise until the premises were, in fact, returned to the defendant.

In sum, the Government has no obligation to pay the costs that would have resulted from returning the land in its original condition, since the Government never returned the land. The motion for summary judgment to dismiss the restoration claim is therefore granted.

### Conclusion

The Government's motion for partial summary judgment is hereby granted for the reasons stated above.

So ordered.